**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mansooreh Tanooryan,<br><br>            Plaintiff,<br><br>v.<br><br>Ruth Grant, et al.,<br><br>            Defendants. | No. CV-18-00293-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendant Pima County's Motion to Dismiss.[1] (Doc. 16.) Plaintiff has filed a Response (Doc. 18) and Defendant a Reply (Doc. 19). The Court will grant the Motion to Dismiss and allow Plaintiff leave to amend.

## I. STANDARD OF REVIEW

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates

---

[1] Plaintiff's claims against Ruth Grant were dropped in her amended complaints. *See* Docs. 7-8, 14.) Therefore, Pima County is the only remaining Defendant in this matter.

a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

If the plaintiff "fails to state a claim on which relief may be granted," the District Court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

## II.   DISCUSSION

Plaintiff filed a Complaint on June 11, 2018. (Doc. 1.) Prior to service of the Complaint, Plaintiff filed a First (Doc. 7) and Second Amended Complaint (Doc. 8). Then, before Defendant could file an answer, Plaintiff filed a Third Amended Complaint. (Doc. 14.) Petitioner has therefore had several opportunities to add additional facts and streamline her discrimination claims.

Plaintiff's Third Amended Complaint raises three grounds for relief. First, Plaintiff alleges discrimination under Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. (Doc. 14 at 1-4.) Second, Plaintiff states Defendants abused authority and violated Plaintiff's right to privacy. *Id*. at 4-5. Third, Plaintiff states she suffered from adverse employment action and national origin. *Id*. at 5-9.

As a preliminary matter, Plaintiff's second and third grounds fail to state a claim

entitling her to relief. While an adverse employment action is an element of an employment discrimination claim, it is not in and of itself a cause of action. In addition, the abuse of authority and privacy violation allegations do not raise a cognizable legal theory and are therefore subject to dismissal. *See e.g., Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff's claim alleges while working for the Oro Valley Public Library, an American-born individual, pseudonym Mr. A., was transferred to the library and received benefits not bestowed upon Plaintiff. (Doc. 14 at 10-11.) These benefits included: better choices for work shifts and immediate implementation of Mr. A.'s suggestions to improve programs at the library. *Id.* at ¶¶ 11-13, 15. Defendant Williams also put pressure on Plaintiff to emulate Mr. A. by requesting Plaintiff change her method of working with students, asking her to attend instructor meetings, and expecting her to adjust her work schedule. *Id.* at ¶ 16.

Plaintiff claims that Ms. Grant terminated her because she "preferred to work with an American-born program instructor rather than Plaintiff." *Id.* at ¶43. She contends that she should not have been terminated through her personal email because it was embarrassing, and doing so showed discriminatory intent. (Doc. 18 at ¶ 20.) She asserts the proof of Defendants' discriminatory motive lies in the fact that Ms. Grant exited a room to discuss Plaintiff's failure to attend a meeting within hearing of others, requesting Plaintiff explain her personal reasons for missing the meeting, and dismissing her despite the emotional stress it caused Plaintiff. (Doc. 14 at ¶¶ 26, 32, 40, 42-43.) Plaintiff connects her termination with discrimination because, "Other patrons complained about Mrs. Grant's and other employees' behavior toward non-white Americans that either was shared with Plaintiff or she witnessed them at work. It seemed since Oro Valley branch is in an upper middle–class area, their employees were less tolerant toward immigrants" and because "[Defendants] wanted to hang on with Plaintiff until they found an American instructor, and then dismiss her again, same story. That is the reason why more than 85% of Pima County Library employees are white." *Id.* at ¶¶ 41, 49. Despite these allegations, Plaintiff

simultaneously concedes that her employment was terminated because she was not available to work the hours that Defendant needed. *Id.* at ¶35.

Plaintiff's claim that her termination was based on discrimination is conclusory and insufficient to survive a motion to dismiss. To sufficiently plead discrimination based on national origin, a plaintiff must show discriminatory intent. *See Goodwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1993). When no direct evidence of discriminatory intent exists, a plaintiff may state a prima facie case discrimination by alleging plaintiff (1) belongs to a protected class, (2) was able to adequately perform in her area of employment, (3) was subjected to an adverse employment action, and (4) other similarly–situated individuals were treated more favorably. *See Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).

Plaintiff has provided no direct evidence that her termination or any adverse action she suffered was based on her national origin. Furthermore, her general statements that employees from the Pima County Public Library are primarily white and that some employees appeared "less tolerant toward immigrants" cannot lead the Court to conclude that any action by Defendants constituted discrimination or retaliation. She has also failed to show that similarly situated individuals were treated differently; her admission that Mr. A. was willing to work hours she was not belies her allegation that he was similarly-situated. Plaintiff claims that the "work incidents are examples of how Plaintiff was judged at work based on her appearance," (Doc. 18 at 1) but the Court cannot discern how this is so, and the Complaint pleads no facts about her appearance and how it connects to some adverse employment action. Furthermore, the Court cannot connect any conceivably discriminatory remarks towards refugee students to an employment action against Plaintiff. There are simply no facts allowing the Court to make a "reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Therefore, the Court will dismiss this matter.

However, because the pleading of additional facts may resolve the deficiencies in the Complaint, the Court will give Plaintiff leave to amend.

## I. LEAVE TO AMEND

If Plaintiff chooses to file an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a right are not acceptable and will be dismissed.

Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS ORDERED:

1. Defendant's Motion to Dismiss is GRANTED. (Doc. 16.)

2. Plaintiff's Complaint is DISMISSED with leave to amend.

3. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order. If Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 2nd day of April, 2019.

Honorable Raner C. Collins
Senior United States District Judge