**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mansooreh Tanooryan,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Pima County,<br><br>　　　　Defendant. | No. CV-18-00293-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendant Pima County's Motion to Dismiss Plaintiff's Fourth Amended Complaint. (Doc. 27.) Plaintiff filed a Response (Doc. 29) and Defendant a Reply. (Doc. 30.) The Court will: (1) construe the Response as a Motion to file a Fifth Amended Complaint, (2) grant the amendment, (3) deny Defendant's Motion to Dismiss, and (4) require Defendants to answer the Fifth Amended Complaint.

**I.　　STANDARD FOR MOTION TO DISMISS**

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. However, complaints drafted by pro se litigants are held to less stringent standards than complaints formally filed by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

In this instance, to establish a prima facie case of discrimination based on national origin, a plaintiff must plead facts suggesting direct evidence of discriminatory intent. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1993). A plaintiff may also sufficiently claim discrimination, if no direct evidence of discriminatory intent exists, by pleading facts demonstrating that plaintiff (1) belongs to a protected class, (2) was adequately performing her duties to the expectations of the employer, (3) was subjected to an adverse employment action, and (4) other similarly–situated employees were treated more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff has had several opportunities to amend her complaint. The first two complaints were amended before Defendant was served. The Court dismissed her Third Amended Complaint with leave to amend and informed Plaintiff she was required to follow the Local and Federal Rules of Civil Procedure. (Doc. 23.) The Court also gave Plaintiff information about the advice-only clinic for pro se litigants to assist her with an amended complaint. *Id*. On April 25, 2019, Plaintiff filed her Fourth Amended Complaint in response to the Court's Order, but the filing appeared to simply be a letter to the Court, restating her discriminatory allegations. (Doc. 25.)

Defendant then filed a Motion to Dismiss alleging that the Fourth Amended Complaint failed to state the basis for federal jurisdiction and that there was still no direct or circumstantial evidence that Plaintiff was discriminated against by Pima County. (Doc. 27.) Defendant also argued that Plaintiff did not show that another employee was similarly–situated because the analogous employee, Mr. Chestnut, was willing to work on Sundays when she was not. Additionally, Defendant asserted that Plaintiff had claimed Mr. Chestnut

was given more favorable hours, but she failed to state that Mr. Chestnut was not a member of a protected class.

On June 7, 2019, Plaintiff filed a Response to the allegations in the Motion to Dismiss. (Doc. 29.) The Response did not directly address the arguments in the motion; rather, the filing appeared to be an attempt at a Fifth Amended Complaint. Defendant retorted that the Court should ignore the Response because it was not responsive and improperly raised new facts. (Doc. 30.) Defendant also argued that even if Plaintiff's Response was taken as an unauthorized Fifth Amended Complaint, it still failed to state a claim of direct or circumstantial evidence of discrimination and the case should be dismissed with prejudice. *Id.* at 3.

**III.    DISCUSSION**

   *a. Response to Motion to Dismiss*

Plaintiff's Response to the Defendant's Motion to Dismiss was inappropriately filed as an unauthorized amended complaint, rather than a true response. Fed.R.Civ.P. 15(a)(1); *Sudduth v. Citimortgage, Inc.*, 79 F. Supp.3d 1193, 1199 (D. Colo. 2015) ("Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants . . . motion to dismiss.") (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). However, the Response notes that Plaintiff had a scheduled appointment with the District Court's pro se clinic, but it was after the deadline to file an Amended Complaint. Because of this, she was unable to correct the deficiencies in time, and instead included them in her Response. While the Response does not directly address the allegations in the Defendant's Motion to Dismiss, it does remedy the deficiencies stated in the motion.

The Court acknowledges the procedural error, but will liberally construe the Response as a Motion to Amend – i.e. a Proposed Fifth Amended Complaint. *Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may construct pro se filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). But, Plaintiff is warned that future filings must be timely and if Plaintiff requires an extension of time she must file a motion pursuant to Local Rule of

was given more favorable hours, but she failed to state that Mr. Chestnut was not a member of a protected class.

On June 7, 2019, Plaintiff filed a Response to the allegations in the Motion to Dismiss. (Doc. 29.) The Response did not directly address the arguments in the motion; rather, the filing appeared to be an attempt at a Fifth Amended Complaint. Defendant retorted that the Court should ignore the Response because it was not responsive and improperly raised new facts. (Doc. 30.) Defendant also argued that even if Plaintiff's Response was taken as an unauthorized Fifth Amended Complaint, it still failed to state a claim of direct or circumstantial evidence of discrimination and the case should be dismissed with prejudice. *Id.* at 3.

**III.    DISCUSSION**

   *a. Response to Motion to Dismiss*

Plaintiff's Response to the Defendant's Motion to Dismiss was inappropriately filed as an unauthorized amended complaint, rather than a true response. Fed.R.Civ.P. 15(a)(1); *Sudduth v. Citimortgage, Inc.*, 79 F. Supp.3d 1193, 1199 (D. Colo. 2015) ("Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants . . . motion to dismiss.") (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). However, the Response notes that Plaintiff had a scheduled appointment with the District Court's pro se clinic, but it was after the deadline to file an Amended Complaint. Because of this, she was unable to correct the deficiencies in time, and instead included them in her Response. While the Response does not directly address the allegations in the Defendant's Motion to Dismiss, it does remedy the deficiencies stated in the motion.

The Court acknowledges the procedural error, but will liberally construe the Response as a Motion to Amend – i.e. a Proposed Fifth Amended Complaint. *Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may construct pro se filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). But, Plaintiff is warned that future filings must be timely and if Plaintiff requires an extension of time she must file a motion pursuant to Local Rule of

was given more favorable hours, but she failed to state that Mr. Chestnut was not a member of a protected class.

On June 7, 2019, Plaintiff filed a Response to the allegations in the Motion to Dismiss. (Doc. 29.) The Response did not directly address the arguments in the motion; rather, the filing appeared to be an attempt at a Fifth Amended Complaint. Defendant retorted that the Court should ignore the Response because it was not responsive and improperly raised new facts. (Doc. 30.) Defendant also argued that even if Plaintiff's Response was taken as an unauthorized Fifth Amended Complaint, it still failed to state a claim of direct or circumstantial evidence of discrimination and the case should be dismissed with prejudice. *Id.* at 3.

**III.    DISCUSSION**

   *a. Response to Motion to Dismiss*

Plaintiff's Response to the Defendant's Motion to Dismiss was inappropriately filed as an unauthorized amended complaint, rather than a true response. Fed.R.Civ.P. 15(a)(1); *Sudduth v. Citimortgage, Inc.*, 79 F. Supp.3d 1193, 1199 (D. Colo. 2015) ("Plaintiffs cannot amend their complaint by adding factual allegations in response to Defendants . . . motion to dismiss.") (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). However, the Response notes that Plaintiff had a scheduled appointment with the District Court's pro se clinic, but it was after the deadline to file an Amended Complaint. Because of this, she was unable to correct the deficiencies in time, and instead included them in her Response. While the Response does not directly address the allegations in the Defendant's Motion to Dismiss, it does remedy the deficiencies stated in the motion.

The Court acknowledges the procedural error, but will liberally construe the Response as a Motion to Amend – i.e. a Proposed Fifth Amended Complaint. *Castro v. United States*, 540 U.S. 375, 382-83 (2003) (Courts may construct pro se filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). But, Plaintiff is warned that future filings must be timely and if Plaintiff requires an extension of time she must file a motion pursuant to Local Rule of

Civil Procedure 7.3.[1] The Court will permit the amendment and therefore turns to the sufficiency of the Fifth Amended Complaint.

### b. Fifth Amended Complaint

Plaintiff's Fifth Amended Complaint alleges she is a former Program Instructor (PI) at Oro Valley Public Library. Plaintiff claims she was qualified for this position and was adequately performing her duties – as evidenced by her satisfactory comments and punctuality.

She claims Oro Valley Public Library engaged in unlawful discrimination against her because of her non-American born, Iranian national origin. The main basis for this claim resulted from the hiring of a second PI, Mr. Chestnut, who Plaintiff believes received preferential treatment due to his American-born status. Plaintiff's supervisors, Ms. Grant and Ms. Williams, wanted Plaintiff to copy Mr. Chestnut's behavior, despite her seniority. Additionally, she alleges her teaching hours were reduced after Mr. Chestnut was hired, and the terms of her work were modified based on Mr. Chestnut's desires. Furthermore, Ms. Williams belittled her for missing staff meetings even though most employees needed to miss these meetings occasionally. She states that she was not paid for preparation hours after missing the meeting. In contrast, Mr. Chestnut was permitted to take a day off work to attend the staff meeting.

Plaintiff also claims she was subjected to discriminatory and derogatory statements by Ms. Williams that suggested Williams her discriminatory intent for firing Plaintiff. Specifically, Ms. Williams told Plaintiff "I can't change your accent," in response to a complaint by a library patron who had difficulty understanding Plaintiff.

Finally, Plaintiff asserts that she was pressured by Ms. Williams to work on Sundays to accommodate Mr. Chestnut's schedule. She says she was willing to work these days but was not provided enough notice before being fired to accommodate the request. Ultimately, Plaintiff was terminated from her position at the library due to her inability to work the Sundays requested by Ms. Williams.

---

[1] The Local and Federal Rules of Civil Procedure can be found on the District of Arizona's website: http://www.azd.uscourts.gov/.

Defendant argues Plaintiff has failed to state a claim of circumstantial evidence of discrimination because Mr. Chestnut was not a similarly–situated employee who was treated more favorably; he was willing to work hours that Plaintiff was not. This argument is not persuasive. Plaintiff Fifth Amended Complaint clarifies that her work schedule was hastily changed to accommodate Mr. Chestnut's schedule so that he could work three consecutive days. Furthermore, Mr. Chestnut received an extra day off for working one Sunday a month. In contrast, Plaintiff was asked to work two Sundays a month without time off and was fired when she could not do so.

Based on the arguments set out in the Motion to Dismiss and the deficiencies addressed by the Court's Screening Order, the Court finds that given the totality of the circumstances, Plaintiff was adequately plead facts that support a claim of circumstantial discrimination. The Court will therefore order Defendant to respond to the Fifth Amended Complaint.

Accordingly, IT IS ORDERED:

1. Plaintiff's Response to Defendant's Motion to Dismiss is construed as a Motion to Amend. (Doc. 29.)
2. Plaintiff's Motion to Amend is GRANTED. (Doc. 29.) The Clerk of Court shall file Document 29 as a Fifth Amended Complaint.
3. Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint is DENIED for the reasons set forth in this Order. (Doc. 27.) Defendant shall have thirty (30) days from the date of this Order to answer the Fifth Amended Complaint. (Doc. 29.)

Dated this 24th day of June, 2019.

Honorable Raner C. Collins
Senior United States District Judge